IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-216-FL

| | |
|---|---|
| VALERIE D. BENNERMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social )<br>Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM &**<br>**RECOMMENDATION** |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-21 & 26). The time for filing any responses or replies has expired, and, therefore, these motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), these motions have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-21) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-26) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") on January 13, 2009 alleging that she became unable to work on March 31, 2008. (Tr. 22). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a decision dated

1

February 22, 2011. *Id.* at 22-35. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on August 9, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-6. Plaintiff filed the instant action on October 11, 2011. (DE-5).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
> 
> 42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453,

1456 (4th Cir. 1990).

**<u>Analysis</u>**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

<u>Mastro v. Apfel</u>, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 31, 2008. (Tr. 24). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) abdominal pain due to adrenal lesion and status/post hernia repair; 2) hypothyroidism and fatigue; 3) depression; and 4) carpal tunnel syndrome. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 26-28. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work. *Id.* at 28. Specifically, the ALJ found that Plaintiff:

> has the residual functional capacity to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day with normal breaks, and stand and walk for 2 hours in an 8-hour day for approximately 15 minutes at a time but should have the freedom to change positions. Additionally, the claimant can push/pull within the above-noted pound limitations. She cannot climb ladders, ropes or scaffolds and can perform other postural activities occasionally. The claimant must avoid twisting and reaching over shoulder level although she can reach directly in front of her. She should also avoid straining to reach, lift or move. The claimant should avoid workplace hazards such as dangerous moving machinery and unprotected heights. Lastly, the claimant should avoid concentrated exposure to dust, fumes, gases and poor ventilation and should avoid ongoing interaction with the general public and coworkers.
>
> *Id.*

The ALJ then determined that Plaintiff was not capable of performing her past relevant work. *Id.* at 33. However, based on the testimony of a vocational expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id.* at 34-35. Accordingly, the ALJ determined that Plaintiff was not under a disability during the relevant time period. *Id.*

The undersigned has reviewed the entire record and finds that the ALJ's determinations were supported by substantial evidence. Plaintiff's argument relies primarily on the contention that the ALJ improperly weighed the evidence. However, this Court must uphold Defendant's final decision if it is supported by substantial evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are without merit. Nonetheless, Plaintiff's individual assignments of error shall now be addressed.

**The ALJ properly weighed the opinion of Dr. Mary Frankos**

Plaintiff argues that the ALJ erred in evaluating the opinion of Dr. Mary Frankos. It is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein. Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. September 5, 2006)(unpublished opinion)(internal citations omitted). Furthermore, "while an ALJ may not reject medical evidence for no reason or the wrong reason . . .an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings." Id. (internal citations omitted). While "the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). Rather, "a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro, 270 F.3d at 178. Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. In sum, "an ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular opinion." Koonce v. Apfel, 1999 WL 7864, * 2 (4th Cir. 1999) (unpublished opinion)(internal citations omitted).

When the ALJ does not give the opinion of a treating physician controlling weight, he must weigh the opinion pursuant to the following non-exclusive list: 1) the length of the treatment

relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527(d)(2)-(6). *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). Moreover, the ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See also*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. June 1, 2011).

On August 24, 2010, Dr. Frankos opined that Plaintiff could occasionally lift 10 pounds. *Id.* at 650. However, she also indicated that Plaintiff could only perform sedentary work for one to two hours during an eight hour workday. *Id.* at 651. Finally, Dr. Frankos deemed Plaintiff's prognosis poor with little chance of significant improvement. *Id.*

With regard to Dr. Frankos' opinions, the ALJ made the following findings:

> The undersigned has also considered the opinion provided by Dr. Mary Frankos . . .Dr. Frankos reported that the claimant could perform sedentary activity for 1-2 hours with frequent breaks, occasionally lift up to 10 pounds, never bend, kneel or crawl and only occasionally climb stairs, reach above shoulder height and push/pull. Additionally, Dr. Frankos concluded that the claimant could use her hands, but not on a continuous basis. (Exhibit 28F) This opinion has been accorded some weight. Dr. Frankos' opinion regarding lifting is consistent with Dr. Goudarzi's opinion up until January 2011 and the substantial medical evidence of record. Dr. Frankos' opinion regarding the claimant's ability to use her hands, but not continuously is consistent with the alternative hypothetical limitation to only occasional use of both hands and also accorded significant weight. The undersigned has also considered Dr. Frankos' opinion regarding the claimant's ability to occasionally climb stairs, reach above shoulder height and push/pull. This opinion has also been accorded significant weight as it consistent with the evidence of record and the above residual functional capacity assessment. The remainder of Dr. Frankos' opinion, particularly

6

the conclusion that the claimant could only perform sedentary work for 1-2 hours with frequent breaks has been accorded little weight as it is inconsistent with the medical evidence of record.

*Id.* at 32-33.

Plaintiff argues that "[n]o analysis was provided in support of this conclusion [and] . . . [n]o particular evidence was cited to contradict Dr. Frankos' opinion." (DE-22, pg. 4). The undersigned disagrees. On the contrary, these findings were accompanied by a thorough review and assessment of the entire record. "The ALJ's assessment of this evidence provides a backdrop for the ALJ's evaluation of [these] opinion[s] and provides insight into [them]." Worden v. Astrue, 2012 WL 2919923, (E.D.N.C. May 29, 2012), *Report and Recommendation Adopted by*, Worden v. Astrue, 2012 WL 2920289 (E.D.N.C. July 17, 2012).

Regardless, the record contains substantial evidence in support of the ALJ's findings. Dr. Kamran Goudarzi consistently noted that Plaintiff could lift up to 10 pounds. *Id.* at 336, 374, 376. He placed Plaintiff "on a permanent weight restriction of 10 [pounds] for life due to her tendency to have recurrent hernias . . ." on August 8, 2008. *Id.* at 336, 376. Other notations in the medical record indicate that Plaintiff is capable of lifting up to 10 pounds. *Id.* at 630, 633, 636, 648, 650. Plaintiff had full muscle strength in all major muscle groups and normal overall tone on other occasions. *Id.* at 443, 485, 688. Dr. David Weaver recommended that Plaintiff participate in a exercise program on more than one occasion. *Id*. at 485, 688. Plaintiff was described as "doing well" and it was noted that she "fel[t] good" on March 31, 2009. *Id.* at 454. A treatment note dated June 3, 2010 indicates that Plaintiff was "[d]oing fine." *Id.* at 656. Likewise, Plaintiff had no complaints and felt well on June 28, 2010. *Id.* at 689.

Dr. Val Sokolev assessed Plaintiff's RFC on June 18, 2009. *Id.* at 445-452. He

determined that Plaintiff could: 1) occasionally lift 10 pounds; 2) frequently lift less than ten pounds; 3) stand or walk at least two hours in an eight hour workday; and 4) sit about six hours in an eight hour workday. *Id.* at 446. Plaintiff was assessed with several postural limitations due to her recurrent abdominal hernias. *Id.* at 447. No manipulative, visual, or communicative limitations were noted. *Id.* at 448-449. Finally, Dr. Sokolev opined that Plaintiff should avoid concentrated exposure to: 1) fumes, odors, dusts, gases and poor ventilation; and 2) hazards such as machinery and heights. *Id.* at 449.

Plaintiff's RFC was also assessed by Dr. Dorothy Linster on September 10, 2009. *Id.* at 458-465. She indicated that Plaintiff could: 1) occasionally lift 20 pounds; 2) frequently lift 10 pounds; and 3) stand, sit and walk about six hours in an eight hour workday. *Id.* at 459. Dr. Linster assessed Plaintiff with several postural limitations due to her recurrent abdominal hernias. *Id.* at 460. No manipulative, visual, or communicative limitations were noted. *Id.* at 461-462. Finally, Dr. Linster determined that Plaintiff should avoid concentrated exposure to hazards such as machinery and heights. *Id.* at 462.

On October 26, 2010, the insurance company that had been paying Plaintiff's disability benefits determined that Plaintiff would be able to perform a sedentary occupation. *Id.* at 677-678.

Because the ALJ's findings with regard to Dr. Frankos' opinion were supported by substantial evidence, this assignment of error is without merit.

**Defendant met his burden of proof at step five of the sequential evaluation**

At step five of the sequential evaluation process, Defendant had the burden to show that there are jobs Plaintiff could perform. Hunter, 993 F.2d at 35. Plaintiff argues that the ALJ did not meet that burden. However, the record clearly indicates that the VE testified that there are a

significant number of jobs in that national economy that Plaintiff could perform. (Tr. 65-70). The VE's testimony was in response to proper hypothetical questions which fairly set out all of the claimant's impairments. *See*, Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989). Indeed, these hypothetical questions included limitations that were ultimately not associated with Plaintiff's RFC. *Id.* at 33, 68. Even with the additional limitations, the VE indicated that Plaintiff could perform work activity. *Id. See*, Prunty v. Barnhart, 2005 WL 1926611, at *3 (W.D. Va. Aug. 9, 2005)(finding VE's testimony that claimant could perform the job in a single DOT category sufficient to meet the Commissioner's burden at step five); SSR 00-4p, 2000 WL 1898704, at *2 (occupations listed in the DOT are "collective descriptions of occupations" and "[e]ach occupation represents numerous jobs"). Accordingly, this assignment of error is without merit.

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-21) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-26) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, October 10, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE